IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALAN T. BROOKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 10-594-SLR |
| ) | |
| PERRY PHELPS, Warden, ) | |
| et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

At Wilmington this  9ᵗʰ  day of February, 2011, having reviewed petitioner's application, the State's motion to dismiss, and the record provided;

IT IS ORDERED that the State's motion to dismiss petitioner Alan T. Brooks' habeas application for lack of jurisdiction (D.I. 15) is **GRANTED** for the reasons that follow:

**1. Background.** In July 2010, petitioner filed an application pursuant to 28 U.S.C. § 2254 challenging his 1987 conviction for first degree murder, possession of a deadly weapon during the commission of a felony, first degree robbery, attempted first degree robbery, and two counts each of second degree kidnapping and second degree conspiracy. (D.I. 1) The application asserts that the State failed to disclose exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963). The State has filed a motion to dismiss the application for lack of jurisdiction, alleging that the application constitutes an unauthorized second or successive habeas application. (D.I. 15)

**2. Standard of Review.** Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner files a second or successive habeas petition "in a district court without the

permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of § 2244 if the prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that could have been raised in a prior habeas application. *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

     **3. Discussion.** Petitioner has already requested, and has been denied, habeas relief with respect to the same March 1987 conviction on one prior occasion. *See Brooks v. Snyder,* Civ. Act. No. 94-341-LON, Order (D. Del. June 11, 1997). The Honorable Joseph J. Longobardi's denial of petitioner's first application as procedurally barred constitutes an adjudication on the merits for second or successive purposes. *See Hernandez v. Diguglielmo*, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005)(collecting cases); *Rauso v. Pennsylvania Board of Probation & Parole*, 2004 WL 1126283, at *1 (E.D. Pa. May 20, 2004)(in denying petitioner's § 2244 motion for leave to file a second or successive habeas petition, the "Third Circuit noted that the prior habeas petition had been dismissed for procedural default and that procedural default is a dismissal on the merits for purposes of requiring leave to file an application to file a second or successive habeas petition."). In addition, it has come to the court's attention that, in April 2009, the Third Circuit refused to grant petitioner permission to file a second or successive habeas application raising the same *Brady* argument presented

in this proceeding. See In re Alan T. Brooks, Civ. Act. No. 09-1360, Order (3d Cir. Apr. 22, 2009). For these reasons, the court concludes that the instant application constitutes an unauthorized second or successive habeas application for the purposes of 28 U.S.C. § 2244. See Benchoff v. Colleran, 404 F.3d 812, 817-18 (3d Cir. 2005).

4. There is no indication that the Third Circuit has authorized the filing of the instant second or successive application since it denied petitioner's last request in April 2009. Accordingly, the court grants the State's motion to dismiss petitioner's application for lack of jurisdiction. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

5. The court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008).

IT IS FURTHER ORDERED that the pending motions (D.I. 3; D.I. 13; D.I. 16) are **DENIED** as moot.

IT IS FURTHER ORDERED that the clerk shall close the case.

UNITED STATES DISTRICT JUDGE